IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LA'VONCYE DEAS, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-0281 |
| INTERVENTIONAL PAIN INST., LLC, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Plaintiff La'Voncye Deas brought this suit against Defendants Interventional Pain Institute, LLC, Boston Street Pain Center, LLC, and Maneesh Sharma and claimed Defendants owed her unpaid wages, liquidated damages, attorney's fees, and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 5-301 *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* (Compl., ECF No. 1.) Now pending before the Court are Defendants' Consent Motion for Leave to File Consent Motion for Approval of Confidential Settlement Agreement Under Seal (ECF No. 21) and Defendants' Consent Motion for Approval of Confidential Settlement Agreement (ECF No. 22), which Defendants have filed under seal. No hearing is required. Local Rule 105.6 (D. Md. 2014). Both motions will be denied. The motion for approval (ECF No. 22) will remain sealed for fourteen days.

This case is in similar posture to *Carpenter v. Colonial Mgmt. Grp.*, Civ. No. JKB-12-686, 2012 WL 2992490 (D. Md. July 19, 2012). There, the parties sought approval of their

settlement of an FLSA case and included in the agreement a confidentiality clause; additionally, they asked to have their settlement agreement sealed in the Court's docket. Both requests were denied. The undersigned has followed prevailing case law and has not permitted FLSA settlement agreements to include confidentiality provisions without compelling reasons to overcome the FLSA's policy of transparency. *Id.* at *2. *See also Salamone v. Balt. Diamond Exch., Inc.*, Civ. No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014). Defendants have not provided compelling reasons for the confidentiality clause (¶ 11, ECF No. 22-1), and the agreement cannot be approved for that reason.

Moreover, Defendants' request to have the agreement sealed contravenes the presumption of public access to FLSA settlements. *Carpenter*, 2012 WL 2992490, at *1 (citing cases). Defendants have not identified any significant interests to outweigh the public interest in judicial records. *See Poulin v. Gen. Dynamics Shared Resources, Inc.*, Civ. No. 09-0058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010). The inclusion of a confidentiality clause in an FLSA settlement agreement is an insufficient reason to seek sealing. *Carpenter*, 2012 WL 3992490, at *2.

Finally, the record before the Court is insufficient for the Court to determine whether the settlement amount is fair and reasonable and whether the attorney's fees are reasonable. In these aspects, the parties are referred to the earlier case of *Pearson v. Prof'l 50 States Prot., LLC*, Civ. No. JKB-09-3232, 2012 U.S. Dist. Lexis 90714 (D. Md. June 28, 2012). The request for approval of an FLSA settlement agreement should include details as to the parties' estimate (estimates, if the parties disagree) of the number of hours worked at issue and the applicable wage. *Id.* at *3. If the amount is discounted in the settlement agreement, then the parties shall provide an explanation of how and why the discounted amount was reached. *Id.* As well, the

Court is unable to ascertain the reasonableness of the amount indicated for attorney's fees. Consequently, the parties shall provide appropriate details as to the hours expended for each task and a demonstration that the hourly rate (which is unknown at present to the Court) is reasonable. *Id.* at \*3-\*4. The parties should also indicate whether the attorney's fees were discounted at a similar rate to that employed for the settlement amount for wages owed to Plaintiff; if they are not similarly discounted, then the parties shall explain why.

Under the Court's Local Rule 105.11, Defendants will be given fourteen days to withdraw the documents they ask to have sealed. If they are not withdrawn during that time period, they will be unsealed. A separate order will issue.

DATED this 11th day of September, 2015.

                                                              BY THE COURT:

                                            _____/s/_____
                                            James K. Bredar
                                            United States District Judge